IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JULIUS D. WALKER and <br> JUDY ANN WALKER, <br>       Plaintiffs, <br> v. <br> MOLDEX-METRIC, INC., <br>       Defendant. | No. 2:08-CV-210 |

## **MEMORANDUM OPINION**

Now before the court is "Defendant Moldex-Metric, Inc.'s Motion to Dismiss Pursuant to Tenn. Code Ann. § 29-34-301 *et seq.* ('Silica Claims Priority [sic] Act') [doc. 15]. Plaintiffs have not responded to the motion. *See* E.D. TN. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). For the reasons that follow, defendant's motion will be granted and this case will be dismissed.

Plaintiffs filed this diversity case on July 14, 2008, alleging state law claims of product liability and negligence. According to the complaint: (1) plaintiff Julius Walker suffers from silicosis secondary to exposure to silica and silica dust; and (2) defendant's defective product is a cause of plaintiff's disease.

Tennessee's Silica Claims Priorities Act ("SCPA" or "the act") governs silica-related disease claims filed in Tennessee after July 1, 2006. *See* Tenn. Code Ann. § 29-34-

308(a). The present litigation comes under the SCPA because plaintiffs allege silica and silica dust exposure occurring during Julius Walker's employment in this state. *See id.* ("No civil action alleging a silica claim or mixed dust disease claim may be filed in the courts of Tennessee after July 1, 2006, unless . . . the plaintiff's claim arose in Tennessee. . . . [A] claim arises in Tennessee if the plaintiff was located in Tennessee at the time the plaintiff alleges to have been exposed to silica or mixed dust.").

In relevant part, the act requires all plaintiffs to make an early prima facie showing of a physical impairment to which silica or mixed dust exposure was a substantial contributing factor. *See* Tenn. Code Ann. § 29-34-304(a). The prima facie showing must be in the form of opinion evidence from a "competent medical authority." *See id.*; Tenn. Code Ann. § 29-34-305(a). A claimant's prima facie written report must be filed within 120 days after the filing of the complaint. *See* Tenn. Code Ann. § 29-34-305(a). "If the court finds that no genuine issue of material fact exists with respect to plaintiff's failure to make out a prima facie case as described in [the SCPA], the court shall dismiss the plaintiff's claim without prejudice as a matter of law." Tenn. Code Ann. § 29-34-305(b).

Plaintiffs' written report should have been filed by mid-November 2008. By agreement dated November 26, 2008, the parties extended that deadline to January 9, 2009. [Doc. 14].[1] More than 240 days have passed since the filing of the complaint, and plaintiffs' report still has not been filed.

---

[1] Whether parties may on their own extend the act's filing deadline is not an issue presently before this court.

2

Case 2:08-cv-00210-RLJ   Document 17   Filed 03/20/09   Page 2 of 3   PageID #: 75

Because plaintiffs have failed to timely make their prima facie showing as required by the SCPA, this case must be dismissed. Tenn. Code Ann. § 29-34-305(b). An order reflecting this opinion will be entered.

ENTER:

<u>    s/ Leon Jordan    </u>
United States District Judge